Filed 12/7/22  P. v. Byrd CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERNEST BYRD,<br><br>Defendant and Appellant. | F083515<br><br>(Fresno Super. Ct. No. F17904653)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Byron C. Lichstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Poochigian, J. and Detjen, J.

# INTRODUCTION

This is the second appeal by appellant and defendant Ernest Byrd after a jury convicted him of second degree robbery (Pen. Code, § 211; count 1),[1] related to an incident that occurred in May 2017 (Frierson robbery or robbery); and first degree burglary (§ 460, subd. (a); count 2) and resisting, obstructing, or delaying an officer (§ 148, subd. (a)(1); count 3), related to an incident that occurred in August 2017 (Herrera burglary or burglary). The jury also found true a personal use of a firearm enhancement (§ 12022.53, subd. (b)) as to count 1, and the court found true two prior serious felony convictions (§ 667, subd. (a)(1)) that also qualified as strike priors.

In the previous appeal, we remanded for the trial court to hold a resentencing hearing during which the court could consider whether to exercise its newfound discretion to strike the section 667, subdivision (a) enhancements in light of the passage of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) and the section 12022.53, subdivision (b) firearm enhancement in light of the passage of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620). Upon remand, the trial court struck one of defendant's strike priors. The court also struck the prior serious felony enhancements (§ 667, subd. (a)(1)). The court declined to strike the section 12022.53, subdivision (b) firearm enhancement. The court imposed the midterm of three years on count 1, doubled based on defendant's strike, plus 10 years for the gun enhancement, for a total term of 16 years on count 1. The court imposed one-third of the middle term on count 2, totaling one year four months, doubled based on his strike conviction to two years eight months, and it sentenced defendant to time-served on count 3.

In this appeal, defendant seeks remand for resentencing based on the changes to section 1170, subdivision (b)(6) pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

Bill 124), which, he asserts, require imposition of the low term in this case. The People agree remand is appropriate for defendant to seek the benefit of the amended law, and we accept the concession.

Defendant also asserts the matter should be remanded for the court to consider sentencing him to a lesser term, uncharged firearm enhancement pursuant to section 12022.5, subdivision (a). We reject this contention.

## FACTUAL BACKGROUND

Defendant robbed Oscar Frierson at gunpoint during the morning of May 27, 2017. Then, on August 10, 2017, defendant and another perpetrator burglarized a house while the occupants (the Herreras) were away. Defendant was 23 years old when he committed the crimes.

A jury convicted defendant of second degree robbery (§ 211; count 1) of Frierson; and first degree burglary (§ 460, subd. (a); count 2) and resisting, obstructing, or delaying an officer (§ 148, subd. (a)(1); count 3) in connection with the Herrera burglary. The jury also found true a personal use of a firearm enhancement (§ 12022.53, subd. (b)) as to count 1, and the court found true two prior serious felony convictions (§ 667, subd. (a)(1)) that also qualified as strike priors and prior prison enhancements.

The court originally sentenced defendant on June 20, 2018, to 25 years to life imprisonment on count 1, enhanced by 10 years for the firearm enhancement and an additional 10 years for the two prior serious felony enhancements. The court sentenced defendant to 25 years to life imprisonment on count 2, enhanced by 10 years for the two prior serious felony enhancements. Finally, the court sentenced defendant to 180 days in jail with credit for time served on count 3.

Defendant appealed. In the previous appeal, we remanded the matter for the trial court to hold a resentencing hearing during which the court could consider whether to exercise its newfound discretion to strike the section 667, subdivision (a) prior serious

3.

felony enhancements and the section 12022.53, subdivision (b) firearm enhancement in light of the passage of Senate Bills 1393 and 620.

Following remand, the court held another sentencing hearing on September 23, 2021. During that hearing, the court noted defendant had been in custody for approximately four years and had not picked up any new criminal charges or serious rule violations while in prison. Defendant had also "taken advantage of educational and vocational training programs available to him while incarcerated." The court stated defendant's "conduct while at CDC has played a large role in what the Court is intending to do on resentencing." The court commended the positive steps defendant had taken and acknowledged "defendant's youthfulness can impact the appropriate sentence imposed for the commission of criminal offenses." The court explained, "This does not minimize the seriousness of [defendant's] convictions, which are extremely serious given the use of the firearm, but it does acknowledge the growing body of evidence that youthful offenders may be more prone to act on impulse due to lack of maturation both physically in the brain and emotionally."

The court then exercised its discretion to strike defendant's first strike prior, which defendant committed in October 2012 when he was 19 years old. The court also exercised its discretion to strike the two prior serious felony enhancements (§ 667, subd. (a)(1)). The court declined to strike the section 12022.53, subdivision (b) firearm enhancement "[g]iven the facts and circumstances relating to the use of the firearm."

The court imposed the middle term of three years on count 1, doubled based on defendant's remaining strike, plus 10 years for the gun enhancement for a total term of 16 years on count 1.[2] The court imposed one-third of the middle term on count 2,

---

[2] The transcript from the sentencing hearing reflects the court originally imposed a sentence of four years on count 1, doubled based on the strike prior to eight years plus 10 years for the firearm enhancement. However, the court later recognized this term was unauthorized for second degree robbery and corrected it to be the middle term of three

totaling one year four months, doubled based on his strike conviction to two years eight months, and it sentenced defendant to time-served on count 3.[3]  Accordingly, defendant's total term is 18 years eight months' imprisonment.

## DISCUSSION

Defendant argues he is entitled to remand for resentencing based on developments in the law since his last sentencing hearing.  First, he asserts he is entitled to resentencing based on changes to section 1170 pursuant to Assembly Bill 124 and Senate Bill 567 that, he asserts, make him eligible for imposition of the low term.  He also contends the matter should be remanded for the court to consider whether to strike his section 12022.53, subdivision (b) enhancement and impose a section 12022.5, subdivision (a) enhancement in its place in light of the California Supreme Court's recent decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).  As discussed further below, we agree with defendant that remand for resentencing is appropriate on these grounds.

## I.    Remand for Consideration Under Revised Section 1170

At the time of defendant's last sentencing hearing, former section 1170 provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court," with the court to determine which term "best serves the interests of justice."  In doing so, the court could rely on "the record in the case, the probation officer's report, other reports … and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing."  (Former § 1170, subd. (b).)

---

years doubled to six years based on the strike prior, plus an additional 10 years for the firearm enhancement.

[3] The abstract of judgment reflects a term of two years on count 2 instead of two years eight months in accordance with the court's oral pronouncement and the court's subsequent minute order.

Effective January 1, 2022, Assembly Bill 124 (2021–2022 Reg. Sess.)[4] amended section 1170 to provide trial courts must impose the *lower* term (unless contrary to the interests of justice) if certain circumstances contributed to the commission of the offense (§ 1170, subd. (b)(6)(A), italics added). Specifically, Assembly Bill 124 added paragraph (6) to subdivision (b) of section 1170, which provides:

> "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, *the court shall order imposition of the lower term* if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense. [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6), italics added.)

Section 1016.7,[5] subdivision (b), defines a " 'youth' " as "any person under 26 years of age on the date the offense was committed."

Here, it is undisputed Assembly Bill 124 applies retroactively and that the matter should be remanded for resentencing for the court to reconsider defendant's sentence in

---

[4] During the 2021–2022 legislative term, three bills were introduced that proposed various changes to section 1170: Assembly Bill 124 (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (Stats. 2021, ch. 719, § 2) (Assembly Bill 1540), and Senate Bill 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). The Legislature passed all three bills in September 2021, and the Governor approved them and they were filed with the Secretary of State on October 8, 2021. Senate Bill 567 bears the highest chapter number and is presumed to be the last of the three approved by the Governor. (Gov. Code, § 9510.) As such, Senate Bill 567 prevails over Assembly Bill 124. (Gov. Code, § 9605, subd. (b).) To the extent there are conflicts between the three bills, Senate Bill 567 takes precedence. (*In re Thierry S.* (1977) 19 Cal.3d 727, 738–739.) As to subdivision (b)(6)(A) and (B) of section 1170, however, the substantive language in Assembly Bill 124, Senate Bill 1540, and Senate Bill 567 are not in conflict.

For ease of discussion, we refer to Assembly Bill 124 rather than Senate Bill 567.

[5] Assembly Bill 124 (Stats. 2021, ch. 695, § 4) added section 1016.7.

light of the changes to section 1170. The trial court imposed the middle term on counts 1 and 2, and the record reflects defendant was 23 years old when the instant offenses were committed. The parties agree it is possible that defendant's age "was a contributing factor in the commission of the offense[s]" that would require imposition of the lower term pursuant to section 1170, subdivision (b)(6).[6]

We must therefore remand the matter so the trial court can resentence defendant in light of Assembly Bill 124's requirements. We vacate the sentence and remand for a full resentencing hearing. On remand, the trial court shall revisit all of its sentencing choices in light of new and applicable legislation, including Senate Bill 567. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "]; *People v. Garcia*, (2022) 76 Cal.App.5th 887, 902–903.)

## II. Court May Not Impose an Enhancement Under Section 12022.5 in Lieu of the Enhancement Under Section 12022.53

Defendant also asserts the matter should be remanded for the court to consider whether to strike his section 12022.53, subdivision (b) enhancement and impose a lesser, uncharged enhancement under section 12022.5 in its place. The People disagree and assert the language of section 12022.53 prohibits a court from substituting a lesser enhancement pursuant to a different section. We agree with the People.

Section 12022.53, subdivision (j) provides in pertinent part:

> "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section *rather than imposing punishment authorized under any other*

---

[6] Defendant also argues he falls within the eligibility criteria in section 1170, subdivision (b)(6) because he experienced childhood trauma in the form of sexual abuse. Such a circumstance could also conceivably support a finding that defendant's prior trauma played a role in his commission of the offenses, thereby triggering the presumption that a low-term sentence is appropriate.

*law, unless another enhancement provides for a greater penalty or a longer term of imprisonment.*" (§ 12022.53, subd. (j), italics added.)

The effect of this provision is quite clear. When a section 12022.53 enhancement has been admitted or found true, the court may not substitute it out for a more lenient enhancement from a statute outside of section 12022.53.

Section 12022.5, subdivision (a) does not provide "for a greater penalty or a longer term of imprisonment" (§ 12022.53, subd. (j)) than section 12022.53. (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1084.) And, of course, section 12022.5 is a law "other" than section 12022.53. Consequently, once a section 12022.53 enhancement is admitted or found true, trial courts are foreclosed by subdivision (j) from imposing punishment under section 12022.5 instead.

In following the plain language of subdivision (j), we part ways with *People v. Johnson*, *supra*, 83 Cal.App.5th 1074. There, the court held that section 12022.53, subdivision (j) does not preclude a court from striking the section 12022.53 enhancement and imposing a section 12022.5, subdivision (a) enhancement. (*People v. Johnson*, at pp. 1088–1090.) But, as explained above, that is *precisely* what subdivision (j) precludes. What else could the phrase "rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment," (§ 12022.53, subd. (j)) mean if not that trial courts may not strike a section 12022.53 enhancement and replace it with a more lenient enhancement outside of section 12022.53?

In arriving at its contrary conclusion, *Johnson* relies heavily on the legislative intent behind Senate Bill 620, which modified section 12022.53, subdivision (h) to permit a court to strike or dismiss a section 12022.53 enhancement. (*People v. Johnson*, *supra*, 83 Cal.App. 5th at pp. 1090–1092.) *Johnson* says that its holding is consistent with Senate Bill 620's legislative intent to allow judges to impose sentences that fit the

severity of the offense and give them an option to impose lighter sentences where appropriate. (*People v. Johnson*, at p. 1090.)

At the outset, *Johnson* acknowledges the need to harmonize all parts of a statute. However, it then proceeds to elevate one purpose behind Senate Bill 620 to the complete exclusion of the plain meaning of subdivision (j).[7] *Johnson*'s reasoning fails to appreciate that "no legislation pursues its objectives at all costs." (*T-Mobile West LLC v. City and County of San Francisco* (2019) 6 Cal.5th 1107, 1123.) " 'Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice – and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.' " (*In re Friend* (2021) 11 Cal.5th 720, 740.)

We cannot leap from the premise that Senate Bill 620 was designed to give sentencing courts *some* additional flexibility, to the conclusion that whatever interpretation of section 12022.53 *most* increases sentencing flexibility must be the law. The reason for this is that "statutes have stopping points as well as general objectives, and how far to go in pursuit of those objectives is integral to the legislative choice." (*N.L.R.B. v. HH3 Trucking, Inc.* (2014) 755 F.3d 468, 471.) The Legislature " ' "wrote the statute it wrote – meaning a statute going so far and no further." ' " (*Jensen v. iShares Trust* (2020) 44 Cal.App.5th 618, 641.)

Senate Bill 620 did not alter subdivision (j), which remains fully operative. Consequently, we cannot look only to the legislative intent behind Senate Bill 620 without also considering the legislative intent behind subdivision (j). And just as there is

---

[7] *Johnson* acknowledges that when " 'the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction.' " (*People v. Johnson*, *supra*, 83 Cal.App.5th at p. 1083.) Yet, in its very next sentence, *Johnson* posits that " 'the "plain meaning" rule does not prevent a court from determining whether the literal meaning of the statute comports with its purpose.' " (*Ibid*.) It is unclear how these two propositions can coexist.

no doubt that Senate Bill 620's changes to subdivision (h) sought to give courts more sentencing options, neither can there be any doubt that subdivision (j) was intended to preclude certain other sentencing options.

Importantly, the plain meaning of subdivision (j) poses no conflict with Senate Bill 620's changes to subdivision (h), or with *Tirado*, *supra*, 12 Cal.5th 688. Together, they provide the following framework: A court may strike a section 12022.53 enhancement (§ 12022.53, subd. (h)) and substitute it for another enhancement under section 12022.53[8] (*Tirado*), but *not* for a more lenient enhancement *outside* of section 12022.53 (§ 12022.53, subd. (j).)

First, and most importantly, this is the only reading supported by the plain language of section 12022.53.[9] Second, this reading still gives effect to Senate Bill 620's intent to provide additional sentencing options to trial courts. Because of Senate Bill 620, trial courts are no longer limited to imposing a section 12022.53 enhancement, they may also strike them entirely. This can result in a 10-year swing to a defendant's aggregate term in a subdivision (b) case, and greater differences in cases involving the other enhancements under section 12022.53. Third, this reading gives effect to subdivision (j)'s intent by precluding a third option: striking a section 12022.53 enhancement *and then imposing a more lenient enhancement outside of section 12022.53*. Finally, it does not run afoul of *Tirado*, which did not address "whether trial courts have discretion to strike a section 12022.53[, subdivision] (b) enhancement and substitute an uncharged, section 12022.5[, subdivision] (a) enhancement."[10] (*People v. Johnson*, *supra*, 83 Cal.App.5th at pp. 1086–1087.)

---

[8] So long as the requisite underlying facts have been alleged and found true.
[9] Nor does this reading conflict with *Tirado* which permits courts to strike a section 12022.53 enhancement and then impose *another 12022.53 enhancement*.
[10] Nor does *People v. Fialho* (2014) 229 Cal.App.4th 1389 support disregarding the plain language of subdivision (j). First, cases are not authority for propositions not considered and *Fialho* did not address subdivision (j) at all. (*People v. Fuller* (2022)

In sum, just because Senate Bill 620 sought to give trial courts some more options does not mean it was intended to give courts unlimited options. If the Legislature wanted to expand sentencing options in the manner discussed in *Johnson*, it would need to amend subdivision (j). And, of course, it is free to do so. In the meantime, subdivision (j) quite clearly precludes the sentencing option suggested by defendant.

## III.    Clerical Error in Abstract of Judgment

The abstract of judgment issued after the resentencing hearing reflects a sentence of two years on count 2, but the court orally pronounced judgment on that count as two years eight months (one-third of the middle term of four years (§ 461, subd. (a), doubled based on the strike) and reiterated this sentence in its minute order. Accordingly, on remand and following the resentencing hearing, the trial court is directed to prepare an amended abstract of judgment reflecting this change if the judgment is not otherwise modified. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 [oral pronouncement of judgment controls where there is discrepancy between it and abstract of judgment].)

## DISPOSITION

We remand to the trial court for a new sentencing hearing to permit the trial court to resentence defendant in light of the changes to section 1170. Following the resentencing hearing, the court is directed to prepare an updated abstract of judgment that reflects its oral pronouncement of judgment and to forward a copy of the amended abstract of judgment to all appropriate parties. We otherwise affirm the judgment.

---

83 Cal.App.5th 394, 406 (Ramirez, P. J., concurring) rev. granted Nov. 22, 2022, S276762.) Second, there was ultimately no valid section 12022.53 enhancement to impose in *Fialho*. Therefore, imposing an enhancement under section 12022.5 did not violate section 12022.53, subdivision (j)'s prohibition on *more lenient* outcomes arising under other statutes.

11.